# Dimond *against* M'Dowell.

The assent of an executor to the delivery of a specific bequest of goods or chattels to the legatee, may be either express or implied: the law has prescribed no particular form of delivery.   Thus, if the executor separates certain articles of property and declares them to be for the legatee, it is such a delivery as will enable the latter to maintain trover for them.

In an action of trover, in which the defence was, that the property in question belonged to an estate which the defendant represented as an executor, a legatee under the will of the testator is an incompetent witness.

ERROR to the common pleas of *Fayette* county.

James M'Dowell against Christiana Dimond.    This was an action of trover for certain articles of personal property.    Daniel Dimond deceased by his will bequeathed as follows:

" It is my desire that my children that are not married shall have of goods or money to the amount of those that are married, or to the amount of what I gave them at marriage for keeping house."

Of this will Christiana Dimond was the executrix.

The present plaintiff was married to Eve Dimond, one of the daughters, after the death of the testator, and lived in the house with the executrix for some time and until the death of his wife.    The only question in the cause of any importance was, whether the plain-

tiff ever had such possession of the articles bequeathed to his wife as would enable him to maintain the action. The proof was that the executrix, the present defendant, said, when the appraisement was made, that certain articles, specifying them, should not be appraised because they were bequeathed to Eve and her sister, and they were set apart. Another witness said, that the present defendant said after the death of Eve, that the articles for which this suit was brought should be put away because they had belonged to Eve.

On this subject, the court (Baird, President) instructed the jury that the general appropriation of the property reserved out of the appraisement for Eve and her sister, was not an assent by the executrix that would vest in the husband of Eve a separate property, and possession of the goods such as would enable him to maintain the action. But if the jury believed that the executrix had separated certain property and designated it as that which Eve was entitled to under her father's will, that would vest in her husband such a property and possession as would enable him to maintain the action without taking administration on his wife's estate.

Upon the trial, Daniel Dimond was offered as a witness, and objected to because he was a legatee under the will of Daniel Dimond deceased and therefore interested. He was rejected, and the court sealed a bill of exceptions.

*Deford*, for plaintiff in error, cited, 11 *Serg. & Rawle* 319 ; 8 *Serg. & Rawle* 150.

*Veech*, for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—Though this bequest is not strictly specific, as the identical goods bequeathed are not designated, yet in the event of goods being selected in discharge of it, it partakes of that character; and when the choice is made and the assent of the executor takes place, the rule is that the legacy vests in the legatee, and that his title becomes complete and perfect. The law has prescribed no particular form to express the assent on the part of the executor, and it may be express or implied. The executor may not only in direct terms authorize the legatee to take possession of his legacy; but his concurrence may be inferred either from indirect expressions or particular acts, and such constructive permission shall be available. 2 *Williams on Executors* 846. Thus if the executor informs the legatee that he intends him to have the legacy according to the devise, 1 *Stra.* 70, or that the legacy is ready for him whenever he will call for it, *Shep. Touch.* 456, such declarations amount to a good assent to a legacy.

The court below therefore were correct in stating to the jury that if the executrix directed certain articles of property to be put away, declaring they belonged to her deceased daughter, and the defendant,

[Dimond v. M'Dowell.]

on demand, had refused to deliver them, the plaintiff was entitled to recover. That was a specific appropriation of them to the daughter, and, in point of law, an assent to the bequest, by which the exclusive right of property therein was vested in the daughter; and to such right of property the law annexed the possession, when there was no adverse claim or possession by any other person: and the possession of the wife was the possession of the husband, the plaintiff in this suit. There is no contradiction in the two clauses extracted from different parts of the opinion of the court, and set in opposition to each other in the errors assigned. In the first the court is speaking of the mere reservation of the property from appraisement, for the purpose of satisfying a bequest to the sisters, holding that insufficient; a point of time different from that in which the executrix is stated to put away those which were specifically for Mrs M'Dowell, declaring them to belong to her: and in relation to that time, the charge was as favourable to the defendant as he could have asked. In another error assigned, the second error, the court below were also speaking of this point of time, and negativing the right of the plaintiff to recover; stating that he would have an absolute right only to such property as his wife had either in actual or legal possession; that is, such as were actually in his possession, or such as were so in contemplation of law.

As to the general allegations in the first and fifth errors, I am of opinion that the defendant has entirely failed to substantiate them.

The witness was properly rejected. Some of the articles were claimed by the plaintiff as having been purchased by the wife, or been given to her by the father in his lifetime. The defendant claimed the whole as part of the testator's estate, and, it would seem, insisted on a receipt to the executrix, as such, for them. The witness, a brother, was clearly interested in supporting this claim of the defendant, because, if it succeeded, it went to increase the general assets of the estate, and leave the more for the other legatees.

Judgment affirmed.